UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 14-3054 |
| | ) | |
| PAMELA BICK, individually and d/b/a CITY LIMITS BAR & GRILL, INC. d/b/a UPTOWN CITY LIMITS BAR & GRILL and CITY LIMITS BAR & GRILL, INC. d/b/a UPTOWN CITY LIMITS BAR & GRILL, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| PAMELA BICK and CITY LIMITS BAR & GRILL, INC., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CASS COMMUNICATIONS MANAGEMENT, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Third-Party Defendant Cass Communications Management, Inc.'s Motion to Dismiss the Third-Party Complaint of Defendants and Third-Party Plaintiffs Pamela Bick and City Limits Bar and Grill, Inc. (d/e 11). The motion is DENIED. The Court possesses subject-matter jurisdiction over the Defendants' third-party claim, venue in this Court is proper, and the third-party complaint states a claim upon which relief can be granted.

## I.  BACKGROUND

The original Plaintiff in this case, Joe Hand Promotions ("JHP"), is in the business of distributing licensing rights to televised fighting events. Complaint, d/e 1 ¶¶ 1, 14. JHP distributed licensing rights for a program entitled "Ultimate Fighting Championship 160: Cain Velasquez v. Antonio Silva," which took place on May 25, 2013, to various businesses throughout Illinois. Id. ¶ 15. Defendant and Third-Party Plaintiff City Limits Bar and Grill was among the businesses that showed the Velasquez/Silva fight. Id. ¶ 17. JHP filed this lawsuit against City Limits and its owner, Defendant and Third-Party Plaintiff Pamela Bick, on

February 11, 2014, claiming that Bick and City Limits showed the fight without authorization in violation of the Communications Act of 1934, 47 U.S.C. § 605 et seq., and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 et seq. Id. ¶¶ 17-26.

In their answer to JHP's complaint, Bick and City Limits deny JHP's allegations and raise a number of affirmative defenses to JHP's claims. See Defendants Pamela Bick and City Limits Bar and Grill, Inc.'s Answer, Affirmative Defenses, and Third-Party Complaint, d/e 8. They also bring a third-party complaint against their cable company, Third-Party Defendant Cass Communications Management, Inc. Id. at 11. Specifically, Bick and City Limits allege that Cass assured them that they were permitted "to order and show pay-per-view programming as long as [they] did not charge customers any extra fee or cover charge." Id. at 12. Bick and City Limits claim that Cass should have known they needed to pay JHP a commercial fee to show the Velasquez/Silva fight and that they relied on Cass's assurances to the contrary when they showed the fight without paying such a fee. Id. at 12-13. They

argue that as a result, Cass is liable for any damages they owe JHP. Id. at 13.

Cass now moves to dismiss Bick and City Limits's complaint against Cass. See Motion to Dismiss Third-Party Complaint ("Motion"), d/e 11. Cass contends that the third-party complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a claim upon which relief can be granted. Id. at 1.

## II. ANALYSIS

Cass's motion purports to move to dismiss Bick and City Limits's third-party complaint under Rule 12(b)(1), 12(b)(3), and 12(b)(6), but the motion does not clearly connect its arguments to those rule provisions. Furthermore, the motion is a little over two pages long and contains no citations to legal authority. Instead, the motion quotes the contract that Bick and City Limits entered into with Cass, which provided: "It is agreed the Circuit Court of the Eighth Judicial Circuit, Cass County, Illinois shall be the exclusive forum for any legal action arising out of or relating to this

Agreement." Motion at 2. Cass also quotes a contract provision that stated: "Customer acknowledges that Cass Communications is not responsible or liable for the content of any programming or services." Id. Cass then argues that JHP cannot state a claim against it under 47 U.S.C. § 605 or 47 U.S.C. § 553, meaning that no question of federal law can exist in Bick and City Limits's third-party complaint against Cass. Id. at 2-3.

Bick and City Limits respond that the Court has subject-matter jurisdiction under 28 U.S.C. § 1367(a), that venue is proper under 28 U.S.C. § 1391, and that they state a valid claim under Illinois law. See Defendants'/Third-Party Plaintiffs' Response to Third-Party Defendant' Motion to Dismiss, d/e 12 at 2; Defendants'/Third-Party Plaintiffs' Memorandum of Law in Support of Their Response to Third-Party Defendant' Motion to Dismiss, d/e 13 at 4-6. Bick and City Limits are correct on all counts.

First, 28 U.S.C. § 1367(a) provides the Court with supplemental jurisdiction over any claims that are "so related to" claims over which the Court has original jurisdiction—here, JHP's statutory claims against Bick and City Limits—such that the related

claims "form part of the same case or controversy" as the original claims. See 28 U.S.C. § 1367(a). This supplemental jurisdiction can include "claims that involve the joinder . . . of additional parties." Id. The Seventh Circuit has held that "[c]laims form part of the same case or controversy when they 'derive from a common nucleus of operative fact.'" McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 683 (7th Cir. 2014) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). "A loose factual connection between the claims is generally sufficient" to establish such a common nucleus. Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995). Since Bick and City Limits claim that Cass is liable for the conduct for which JHP is seeking to hold them liable, their claim against Cass does arise out of the same facts as JHP's claims against them. Therefore, this Court has subject-matter jurisdiction over Bick and City Limits's third-party claim against Cass.

Bick and City Limits are also correct in pointing to 28 U.S.C. § 1391 as providing venue in this Court. The United States Supreme Court recently clarified that "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing

on whether a case falls into one of the categories of cases listed in § 1391(b)." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, __ U.S. __, 134 S. Ct. 568, 577 (2013). Here, venue is proper under § 1391(b)(2) because the Central District of Illinois is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." See 28 U.S.C. § 1391. The Court in Atlantic Marine held that "a case filed in a district that falls within § 1391 may not be dismissed under . . . Rule 12(b)(3)." 134 S. Ct. at 577. Rather, the Court clarified that a motion to transfer under 28 U.S.C. § 1404 was the proper way to seek enforcement of a forum-selection clause when the desired forum was federal, and the doctrine of forum non conveniens could be invoked when the forum-selection clause provided for a state forum. Id. at 579-80. Cass has made no such arguments here, and since venue is proper under § 1391(b)(2), dismissal under Rule 12(b)(3) must be denied.

Lastly, Cass has not shown that Bick and City Limits cannot state a claim under Illinois law upon which relief may be granted. Dismissal under Rule 12(b)(6) is proper if a complaint does not

on whether a case falls into one of the categories of cases listed in § 1391(b)." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, __ U.S. __, 134 S. Ct. 568, 577 (2013). Here, venue is proper under § 1391(b)(2) because the Central District of Illinois is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." See 28 U.S.C. § 1391. The Court in Atlantic Marine held that "a case filed in a district that falls within § 1391 may not be dismissed under . . . Rule 12(b)(3)." 134 S. Ct. at 577. Rather, the Court clarified that a motion to transfer under 28 U.S.C. § 1404 was the proper way to seek enforcement of a forum-selection clause when the desired forum was federal, and the doctrine of forum non conveniens could be invoked when the forum-selection clause provided for a state forum. Id. at 579-80. Cass has made no such arguments here, and since venue is proper under § 1391(b)(2), dismissal under Rule 12(b)(3) must be denied.

Lastly, Cass has not shown that Bick and City Limits cannot state a claim under Illinois law upon which relief may be granted. Dismissal under Rule 12(b)(6) is proper if a complaint does not

on whether a case falls into one of the categories of cases listed in § 1391(b)." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, __ U.S. __, 134 S. Ct. 568, 577 (2013). Here, venue is proper under § 1391(b)(2) because the Central District of Illinois is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." See 28 U.S.C. § 1391. The Court in Atlantic Marine held that "a case filed in a district that falls within § 1391 may not be dismissed under . . . Rule 12(b)(3)." 134 S. Ct. at 577. Rather, the Court clarified that a motion to transfer under 28 U.S.C. § 1404 was the proper way to seek enforcement of a forum-selection clause when the desired forum was federal, and the doctrine of forum non conveniens could be invoked when the forum-selection clause provided for a state forum. Id. at 579-80. Cass has made no such arguments here, and since venue is proper under § 1391(b)(2), dismissal under Rule 12(b)(3) must be denied.

Lastly, Cass has not shown that Bick and City Limits cannot state a claim under Illinois law upon which relief may be granted. Dismissal under Rule 12(b)(6) is proper if a complaint does not

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Cass does not clearly articulate why it believes Bick and City Limits's third-party complaint should be dismissed under Rule 12(b)(6). Cass may be attempting to make such an argument by raising the provision of its contract with Bick and City Limits that states that Cass "is not responsible or liable for the content of any programming or services." See Motion, d/e 11 at 2. However, insofar as that provision may relate to a motion to dismiss, the provision does not appear to apply to Bick and City Limits's claim. Bick and City Limits are trying to hold Cass responsible for a statement Cass allegedly made concerning the licensing of its programming, not the content of that programming.

Aside from quoting that contract provision, Cass does not make any arguments to show why Bick and City Limits would not be able to bring an indemnity claim against Cass. Such a claim is cognizable under Illinois law when a defendant can show that a third party is actually responsible for harm that the defendant

caused the plaintiff.  See, e.g., Kerschner v. Weiss & Co., 667 N.E.2d 1351, 1355-56 (Ill. App. Ct. 1996).  Since Bick and City Limits at least arguably make out a claim that Cass is responsible for their not paying a commercial fee for the Velasquez/Silva fight, and Cass does nothing to counter that claim, the claim survives Cass's 12(b)(6) motion to dismiss.

## III.  CONCLUSION

Accordingly, Third-Party Defendant Cass Communications Management, Inc.'s Motion to Dismiss the Third-Party Complaint of Defendants and Third-Party Plaintiffs Pamela Bick and City Limits Bar and Grill, Inc. (d/e 11) is DENIED.

ENTER: October 20, 2014.

/s Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE