IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-cv-3054 |
| ) | |
| PAMELA BICK, individually and ) | |
| d/b/a CITY LIMITS BAR & ) | |
| GRILL, INC. d/b/a UPTOWN ) | |
| CITY LIMITS BAR & GRILL; ) | |
| and CITY LIMITS BAR & ) | |
| GRILL, INC. d/b/a UPTOWN ) | |
| LIMITS BAR & GRILL, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| PAMELA BICK and ) | |
| CITY LIMITS BAR & GRILL, INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CASS COMMUNICATIONS ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Third Party Defendant. ) | |
| ) | |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Joe Hand Promotions, Inc.'s ("JHP") Motion for Default Judgment (d/e 24) (Motion). For the reasons set forth below, the Motion is DENIED.

JHP asks for a discovery sanction of a default judgment against Defendants Pamela Bick, individually and d/b/a City Limits Bar & Grill, Inc. d/b/a Uptown City Limits Bar & Grill; and City Limits Bar & Grill, Inc. d/b/a Uptown City Limits Bar & Grill (collectively "Bick") because Bick failed to respond to JHP's Notice to Produce documents and JHP's Interrogatories, and because Defendant Pamela Bick failed to appear at her deposition. The Court may award sanctions up to entry of judgment if a party fails to attend her own deposition or fails to respond to written discovery requests. Fed. R. Civ. P. 37(d) and 37(b)(2)(A)(i)-(vi). See Motion, at 1-4.

The Court may sanction a party for failing to appear at her own deposition and failing to respond to requests to produce and interrogatories. Fed. R. Civ. P. 37(d)(1). A party seeking sanctions for failure to answer or respond to written discovery must include a certification that the movant has conferred or attempted to confer with the party failing to act to secure an answer or response. Fed. R. Civ. P. 37(d)(1)(B). JHP failed to meet its obligation to attempt to secure responses and answers to its Notice to Produce and Interrogatories.

On October 20, 2014, JHP served written discovery on Bick. The Court notes that the discovery requests were untimely. A party may not commence discovery until after the Rule 26(f) meeting. Fed. R. Civ. P. 26(d)(1) and 26(f). The Rule 26(f) meeting occurred in December 2015. See Report of

Rule 26(F) Planning Meeting (d/e 17). On May 6, 2015, Bick's counsel told JHP's counsel that Bick did not receive JHP's written discovery requests. JHP reserved the written discovery by email on May 22, 2015. Bick responded to JHP's requests to admit on June 25, 2015, but did not respond to JHP's Notice to Produce or Interrogatories until after JHP filed this Motion on February 15, 2016. Bick served responses to the JHP's Notice to Produce and Interrogatories on February 16, 2016. Notice of Filing (d/e 25).

The Motion nowhere indicates that JHP made any inquiry about the responses to its Notice to Produce or Interrogatories after May 2015. Under these circumstances, JHP is not entitled to relief under Rule 37(d) for the late responses to the Notice to Produce and Interrogatories. JHP has failed to certify that it attempted in good faith to secure responses as required by Rule 37(d)(1)(B).

JHP also seeks a default judgment because Defendant Pamela Bick did not appear at her deposition. JHP served a Notice of Deposition on November 12, 2015. The Notice of Deposition set Pamela Bick's deposition on December 7, 2015. On December 3, 2015, Counsel for Pamela Bick notified counsel for JHP that Pamela Bick was in Florida caring for a terminally ill family member and could not attend the deposition on December 7, 2015. The letter stated that Pamela Bick, "will let me know when she

returns to Illinois and we can promptly schedule her deposition." Motion, Exhibit I, Letter dated December 3, 2015.

Pamela Bick's deposition has not been rescheduled. On January 29, 2016, counsel for JHP sent an email to counsel for Bick. The email stated in relevant part:

> I have left several messages for you regarding the deposition of Ms. Bick, including today, and none of them have been returned. You have failed to provide any dates for your client's deposition . . . .

Motion, Exhibit J, Email dated January 26, 2016. JHP subsequently filed this Motion on February 15, 2016.

Entry of judgment is a draconian sanction that is only appropriate in cases involving willfulness, bad faith, or fault and when lesser sanctions would not be sufficient. See In re Golant, 239 F.3d 931, 936 (7th Cir. 2002); Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003). The term fault, for purposes of discovery sanctions, "doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." Marrocco v. General Motors Corporation, 966 F.2d 220, 224 (7th Cir. 1992).

JHP presents no evidence of willfulness or bad faith. At best, JHP has raised a question of whether Bick was at fault for failing to contact JHP's counsel to reschedule the deposition. JHP's evidence is too thin to establish

that Bick's actions were unreasonable under the circumstances. One email is not sufficient in this context to provide the background information necessary to show that Bick acted unreasonably. Even if Bick's acted unreasonably, JHP fails to establish that some lesser sanction would not be sufficient. Under these circumstances, JHP's request for a default judgment is denied.

This Court, however, "has broad discretion in reviewing discovery disputes and 'should independently determine the proper course of discovery based on the arguments of the parties.'" United Consumer Club, Inc. v. Prime Time Marketing Management, Inc., 271 F.R.D. 487, 499 (N.D. Ind. 2010) (quoting Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996)). The deposition of Defendant Pamela Bick is clearly necessary to complete discovery in this case. Therefore, the Court in its discretion directs Bick to provide all parties on or before March 11, 2016, a written notice setting forth three dates between March 15, 2016, and March 31, 2016 (Deposition Dates), when Defendant Pamela Bick shall be available from 9:00 a.m. to 5:00 p.m., central daylight savings time, to appear at the offices of counsel for JHP in order to be deposed in this case. JHP shall serve a notice of deposition in accordance with the Federal Rule of Civil Procedure 30, setting Defendant Pamela Bick's deposition at its counsel's office on one of the Deposition Dates. Defendant Pamela Bick shall appear at her deposition so set and shall fully comply with the taking of her deposition at that time.

If Defendant Pamela Bick fails to comply fully with this order, JHP may renew its request for sanctions.

THEREFORE, Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment (d/e 24) is DENIED.

ENTER:  March 4, 2016

                          *s/ Tom Schanzle-Haskins*
                      UNITED STATES MAGISTRATE JUDGE