IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAMELA BICK, individually and ) <br> d/b/a CITY LIMITS BAR & ) <br> GRILL, INC. d/b/a UPTOWN ) <br> CITY LIMITS BAR & GRILL; ) <br> and CITY LIMITS BAR & ) <br> GRILL, INC. d/b/a UPTOWN ) <br> LIMITS BAR & GRILL, ) <br> ) <br> Defendants, ) <br> ) <br> PAMELA BICK and ) <br> CITY LIMITS BAR & GRILL, INC., ) <br> ) <br> Third Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CASS COMMUNICATIONS ) <br> MANAGEMENT, INC., ) <br> ) <br> Third Party Defendant. ) <br> ) | No. 14-cv-3054 |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Defendants / Third-Party Plaintiffs' Motion to Clarify and/or Reconsider Order Requiring March 23, 2016, Deposition of Pamela Bick Occur in Chicago, Illinois (d/e 29).

On March 4, 2016, the Court entered its Opinion (d/e 28) denying Plaintiff Joe Hand Promotions, Inc.'s (JHP) Motion for Default Judgment (d/e 24).  The Motion for Default Judgment sought to have the Court enter, as a discovery sanction, a default judgment in favor of the Plaintiff because Defendants, Pamela Bick, individually, and d/b/a City Limits Bar & Grill, Inc. d/b/a Uptown City Limits Bar & Grill, and City Limits Bar & Grill, Inc. d/b/a Uptown City Limits Bar & Grill (collectively Bick) failed to respond to JHP's notice to produce documents and JHP's interrogatories, and because Defendant Pamela Bick failed to appear at her deposition noticed for December 7, 2015.

The Court declined to enter default judgment, noting that entry of default judgment is a draconian sanction and is only appropriate in cases involving willfulness, bad faith, or fault in which lesser sanctions would not be sufficient.  See In re Golant, 239 F.3d 931, 936 (7th Cir. 2002); Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003).  The term fault, for purposes of discovery sanctions, "doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation."  Marrocco v. General Motors Corporation, 966 F.2d 220, 224 (7th Cir. 1992).

The Court noted, however, that even if Bick acted unreasonably, JHP failed to establish that some lesser sanction would not be sufficient.

In its Opinion (d/e 28), the Court ordered that Bick's deposition be scheduled in Chicago at the office of Plaintiff's counsel.

In doing so, the Court noted that Bick represented Bick's December 7, 2015 deposition could not be taken because Bick was in Florida caring for a critically ill family member. In Bick's letter cancelling the deposition, counsel stated that Bick "will let me know when she returns to Illinois and we can promptly schedule her deposition". <u>Motion</u>, Exhibit I, <u>Letter dated December 3, 2015</u>. The Court further noted that on January 29, 2016, counsel for JHP sent an email to counsel for Bick email stating in relevant part:

> I have left several messages for you regarding the deposition of Ms. Bick, including today, and none of them have been returned. You have failed to provide any dates for your client's deposition . . . .

<u>Motion</u>, Exhibit J, <u>Email dated January 26, 2016</u>. The Motion for Default Judgment (d/e 24) was filed on February 15, 2016. Hence, it appears that between December 3, 2015 and February 15, 2016, counsel for Bick made no effort to schedule the deposition of Bick.

Consequently, the Court entered its Opinion requiring Defendant Bick's deposition to be taken at Plaintiff's counsel's office on one of three deposition dates chosen by the Court.

Counsel for Bick argues that it would be a hardship on Bick to travel to Chicago for the deposition and she would incur additional attorney's fees.

Bick fails to mention, however, that conducting a deposition in Springfield would require Plaintiff's attorney to travel to Springfield for the deposition, which would likely also result in the Plaintiff incurring additional attorney's fees. As Plaintiff's counsel did nothing to set Bick's deposition between December 3, 2015 and February 15, 2016, the date of the filing of the Motion for Default Judgment, the Court does not believe requiring Bick to travel to Chicago for a deposition is unreasonable.

With regard to the issue raised regarding the Plaintiff's counsel's failure to designate whether Bick is appearing pursuant to Federal Rule of Civil Procedure 30(b)(1) or 30(b)(6), the deposition was not noticed as a 30(b)(6) deposition. Consequently, Bick is not appearing at the deposition as a 30(b)(6) witness.

WHEREFORE, Defendants / Third-Party Plaintiffs' Motion to Reconsider the Court's Order Requiring March 23, 2016, Deposition of Pamela Bick Occur in Chicago, Illinois (d/e 29) is DENIED. The Defendants / Third-Party Plaintiffs' Motion to Clarify Order Requiring March 23, 2016, Deposition of Pamela Bick Occur in Chicago, Illinois (d/e 29) regarding Bick's status as a 30(b)(6) witness is ALLOWED as noted above.

ENTER: March 21, 2016

                                               *s/ Tom Schanzle-Haskins*
                                       UNITED STATES MAGISTRATE JUDGE